ANGELO FRABICATORE ET AL. *vs.* JOHN NEGYESI ET AL.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The plaintiffs sought specific performance of a written contract in which the defendant N agreed to sell them "all my property one house and two lots 100 x 100 for the sum of six thousand dollars." The agreement did not disclose the location of the property. *Held (two judges dissenting)*:

1. That the complaint was demurrable under the statute of frauds, since the subject of the sale was not so described in the contract that it was reasonably certain from the writing itself or so that it could be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written.
2. That this defect was not cured by the further allegation in the complaint that N owned no other real estate in Stamford, Connecticut, than that described in the memorandum.

Argued November 10th—decided December 16th, 1926.

ACTION for specific performance of a contract for the sale of certain real estate, and to set aside an alleged fraudulent conveyance of the same, brought to the

Superior Court in Fairfield County where the defendants' demurrer to the complaint was sustained (*Booth, J.*) and judgment rendered (*Baldwin, J.*) for the defendants, from which the plaintiff appealed. *No error.*

*Jackson Palmer,* with whom was *Daniel E. Ryan,* and, on the brief, *C. Milton Fessenden,* for the appellants (plaintiffs).

*Frank Rich,* for the appellees (defendants).

WHEELER, C. J.  Specific performance is sought of the following written agreement:

Date July 13, 1925.
"Mr. John Negyesi

I sold all my property one house and two lots 100 x 100 for the sum of six thousand dollars ($6,000) to Mr. Angelo Frabicatore and Mr. Pasquale Zaffino.

I received this day July 13, 1925, for deposit ($150) one hundred and fifty.

I promise to leave all the material that is in my property.
John Negyesi
Patrick Prince"

Defendants demurred to the complaint on three grounds; the court sustained the demurrer on grounds one and two.  We shall only consider ground one—that this contract is within the statute of frauds because it does not describe with certainty, or otherwise identify the real estate referred to in the contract, since it does not state in what State, county, town, city or street the property is situated.

To avoid the statute of frauds, "the note or memorandum of sale, required by the statute, must state the contract with such certainty that its essentials can be

known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain." *Nichols* v. *Johnson,* 10 Conn. 192, 198. One of these essentials is the subject of the sale. "The description is sufficiently definite whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." *McMahon* v. *Plumb,* 88 Conn. 547, 552, 92 Atl. 113.

We say in *Gendelman* v. *Mongillo,* 96 Conn. 541, 550, 114 Atl. 914: "Descriptions which are clearly within the statute are: your land; a piece of land; a piece of land in M; and a given number of acres. These cannot be identified without resort to the negotiations of sale, in order to complete the terms, and this cannot be done." The description in the memorandum before us falls within these classes of descriptions.

Plaintiffs claim that since they have alleged that the real estate described in the memorandum was the only real estate owned by the defendants in Stamford, Connecticut, oral evidence of this fact would have identified the real estate described in the memorandum. The claim requires the admission of oral evidence both to describe the land and then to apply that description. That is never permitted. Proof that this was the only real estate owned by the defendants in Stamford would not prove that they did not own real estate in another, or other communities. The memorandum does not disclose the residence of the parties, nor the place where the agreement was executed. The description has not been made certain by reference to record, contract, map or fact by resort to extraneous evidence. A defect in the terms of the sale in the memorandum "cannot be supplied by parol proof, for that would at once introduce all the mischiefs which the statute was

designed to prevent." *Riley* v. *Farnsworth*, 116 Mass. 223.

We had occasion to determine the precise question involved in this demurrer in *Gendelman* v. *Mongillo, supra,* at pages 546-551. Its decision controls the immediate ground of demurrer before us, while its citations so fully illustrate and apply its doctrine as to make further discussion at this time inept. That case followed the earlier cases of *Nichols* v. *Johnson,* 10 Conn. 192, 198; *Hodges* v. *Kowing,* 58 Conn. 12, 20, 18 Atl. 979; *McMahon* v. *Plumb, supra; Shelinsky* v. *Foster,* 87 Conn. 90, 96, 87 Atl. 35; *Kilday* v. *Schancupp,* 91 Conn. 29, 98 Atl. 335; *Garber* v. *Goldstein,* 92 Conn. 226, 229, 102 Atl. 605, and has since been followed by *Shoag* v. *Sheftel,* 99 Conn. 541, 121 Atl. 799.

There is no error.

In this opinion the other judges concurred, except MALTBIE and HAINES, Js., who dissented.