## LEE R. ROBBINS, TRUSTEE
vs.
## ARCHIBALD S. MacFARLANE

Superior Court     New London County     File #12383

Present: Hon. CARL FOSTER, Judge.

George Gilman,           Attorney for the Plaintiff.

Gruskin & Gruskin,       Attorneys for the Defendant.

**MEMORANDUM FILED OCTOBER 26, 1937.**

FOSTER, J. In this case the plaintiff seeks to enforce specific performance of a written contract, wherein he claims

that the defendant contracted to purchase from him as trustee a certain piece of land in Norwich, and he, as such trustee, agreed to sell such land to the defendant.

The defendant sets forth as a specific defense an oral contract, differing from the claimed written contract set forth in the complaint. The alleged oral contract is not claimed by the defendant to vary the written contract claimed by the plaintiff. The defendant claims that the letters claimed by the plaintiff to constitute the written contract were parts of the negotiations terminating in the oral contract claimed by the defendant.

We do not have to consider, and do not consider, the special defense of the defendant. If the plaintiff is to receive the relief claimed by him, it must be upon the allegations of his complaint.

The written contract claimed by the plaintiff consists of two letters which are as follows:

"248 Montauk Avenue,
New London, Conn.,
Sept. 8, 1936.

Mr. Lee R. Robbins:—

Dear Sir have been figuring out your proposition on the property on Cliff St. Norwich Conn. and find that the cost of making it over into appartment will be very much more now as material and plumbing have gone up therefore I will be compelled to mak an offer of $6,000.00 which I feel is really to high. never the less I will try and see what I can do at that figure.

Very truly yours,

A. S. MacFARLANE."

"Lee R. Robbins<br>Attorney at Law,<br>Norwich, Connecticut

September 11, 1936

Mr. Archibald S. MacFarlane
248 Montauk Ave.
New London, Conn.

Dear Mr. MacFarlane:

Upon receipt of your letter making the offer for the Cliff St. property, I wrote a long letter to my sister and sent her a copy of your letter. This morning I received a reply from her, and she has approved your offer and consequently we accept it. I think you understand that I was not only personally agreeable to your offer, but would be satisfied as trustee of the estate as soon as I understood my sister's sentiment.

Please call and see me as soon as convenient, in order that we may complete the details of the transaction.

I certainly think that you have made a very buy and after all, I think we are getting a fair price all things considered.

Sincerely yours,

LEE R. ROBBINS."

This is an action by Lee R. Robbins, Trustee of the trust estate established under the will of Zebulon R. Robbins, dec'd. The qualification of Lee R. Robbins as such trustee and the order of the Probate Court that he sell at private sale certain land described with particularity are admitted in the answer.

Upon examination of the two letters certain facts are noted. MacFarlane does not address Lee R. Robbins, Trustee, but he addresses Lee R. Robbins. The only description of the property is "the property on Cliff St., Norwich, Conn." He does not make the statement that he will buy the property at any price. He says, "I will be compelled to mak an offer of $6,000.00 which I feel is really to high. never the less I will try and see what I can do at that figure." Mr. Robbins' letter contains no description of the property or the terms of sale. It is signed not by himself as trustee, but by himself personally. He says that he is "satisfied as trustee of the estate".

These two letters do not constitute such a contract as will be enforced by a decree of specific performance.

Frabicatore, et al. vs. Negyesi, 105 Conn. 412.

Gendelman vs. Mongillo, 96 Conn. 541.

Burns vs. Garey, 101 Conn. 323.

Shoag vs. Sheftel, 99 Conn. 541.

The evidence does not support any judgment for damages.

Judgment is entered in favor of the defendant.