## ELFREDA R. HART
### vs.
## ELEANOR M. PALMER

Superior Court      Fairfield County      File No. 64691

MEMORANDUM FILED JUNE 23, 1942.

*Clifford B. Wilson,* of Bridgeport, for the Plaintiff.

*David Lessler,* of Bridgeport, for the Defendant.

Memorandum of decision on demurrer.

O'SULLIVAN, J. The complaint alleges that on February 26, 1942, the parties entered into a written agreement whereby the defendant obligated herself to sell to the plaintiff a parcel of land in Bridgeport known as No. 579 Clinton Avenue, described as follows: North on land now or formerly of Mary L. Shea, South on land now or formerly of Charles A. Phelps, West on land now or formerly of Eleanor M. Palmer, East on

Clinton Avenue, 109.15 feet; and that she would on or about April 1, 1942, at a place to be decided later, convey the premises to the plaintiff, by warranty deed, free and clear of all incumbrances. The terms for paying the purchase price were to be left for further disposition by the parties. It was also alleged that the plaintiff gave the defendant as a deposit the sum of $100 to be applied on the agreed price of $9,000 and that, although the plaintiff has at all times been ready and able to live up to her end of the bargain, the defendant has refused to comply with hers. To this complaint a demurrer has been addressed.

Annexed to the complaint and labeled "Exhibit A" is a copy of what counsel for each litigant concedes is the memorandum upon which this action is based. Unfortunately, the so-called exhibit is not referred to in the complaint, and for technical reasons should not be considered in passing upon the demurrer. However, the parties have argued their respective positions as though it were a part of the record, which in fact it is not. But in view of the apparent invitation to the court to make use of the exhibit, I shall ignore technicalities and assume that the allegations of the complaint are sufficient to incorporate the agreement.

Although there are several grounds upon which the complaint is attacked, only one need be mentioned. This alleges that the agreement is insufficient to comply with the Statute of Frauds in that the terms for paying the purchase price were left open for subsequent action. The law is definite upon this matter. *Santoro vs. Mack,* 108 Conn. 683; *Benton vs. Colson,* 115 id. 720. Where the parties to a contract for the sale of realty leave for future arrangement such an essential as the manner in which the purchase price is to be met, the writing is without legal value. The Statute of Frauds stands in the way of recovery.

So much of the agreement as bears on the question now at hand reads as follows: "The seller agrees to sell and convey to the buyer and the buyer to purchase of the seller for Nine Thousand Dollars, payable as follows: Terms to be arranged agreeable to both parties on or before April 1, 1942." Obviously, the price was not to be met entirely with cash, for if that was what the parties had in mind, no terms were needed, for cash needs no terms. Under the cases cited, the lack of terms makes the agreement vitally defective, at least so far

as the right to a conveyance is concerned. Whether the agreement would be sufficient to enforce the provisions as to the leasing of the property is not determined, in as much as the complaint is based entirely on the alleged right to a conveyance.

Accordingly, the demurrer is sustained.