JOSEPH W. LEWIS *v.* W. HENRY GSELL ET AL.

[No. 37, January Term, 1944.]

*Decided per curiam, February 4, 1944; opinion filed March 24, 1944.*

The cause was argued before SLOAN, C. J., DELAPLAINE, MARBURY, MELVIN, and BAILEY, JJ.

*Richard Carvel*, with whom was *S. Scott Beck* on the brief, for the appellant.

*Herbert E. Perkins* and *Preston P. Heck*, with whom was *Harrison W. Vickers* on the brief, for the appellees.

The following opinion was filed *per curiam*:

For the reasons which will hereafter be stated at length, the decree in this case will be reversed.

The Court is of the opinion that the Act of 1943, Chapter 816, establishing a liquor control board for Kent County, while effective in itself for the sale of liquor by county dispensaries for that purpose, failed to repeal so much of the Act of 1933, Ex. Sess., Chapter 2, so far as the same applied to Kent County, so that Kent County now has two systems for the sale of intoxicating liquors instead of one.

*Decree reversed, with costs.*

SLOAN, C. J., delivered the opinion of the Court.

The plaintiff, Joseph W. Lewis, is the holder of an "off sale" beer, wine, and liquor license at Chestertown in Kent County issued to him April 29, 1943;

effective for the year beginning May 1, 1943. The license was issued to him under the provisions of Article 2B of the Code, Act of 1933, Extra Session, Chap. 2. The General Assembly by Act of 1943, Chap. 816, passed an Act constituting the County Commissioners the "Liquor Control Board for Kenty County," with power to establish stores to be known as "Liquor Dispensaries" in Kent County. The plaintiff had been notified by Henry Gsell, Sheriff of Kent County, on December 31, 1943, to close his liquor store; otherwise, he would close it and arrest him for unlawfully selling liquor, on the assumption that the Act of 1943, Chap. 816, had repealed the statute whereby the plaintiff had obtained his license.

The plaintiff immediately filed a bill to enjoin the sheriff and prayed a decree declaring the rights of the plaintiff under his license. The County Commissioners on petition were allowed to intervene and were made parties defendant. The defendants all answered and demurred, and on hearing the demurrer was sustained, the bill dismissed, and the preliminary injunction dissolved. The next day the plaintiff appealed. The majority of this court being of the opinion that the decree appealed from should be reversed, on account of the urgency of a prompt decision, passed a *per curiam* order so holding, the reasons for such action by this court now being stated.

Until the Act of 1943, Chap. 816, the only provision for the sale of beer, wine, and liquor in Kent County was the Act of 1933, Extra Session, Chap. 2, under which (Code, Art. 2B, Sec. 6) "in Cecil and Kent Counties no such license [off sale] shall be issued except to retail druggists and grocers who have conducted such business at least one year prior to application for such license." By Section 4 Subd. D of Article 2B, sub-title Beer License, Class D (on sale), it was provided that such a license "shall authorize the holder thereof to keep for sale and to sell beer at retail, at the place therein described, for consump-

tion on the premises or elsewhere, but no such license shall be issued for any drugstore." Baltimore City and twelve counties were excepted from the provisions of this section. Kent was not excepted; therefore, it was included. The two classes of licenses mentioned are the only provisions for the sale of alcoholic beverages in Kent County; that county was excepted from any other class of license. Some of the counties had liquor boards, some dispensaries, and some were omitted entirely and had their own liquor laws.

This was the situation in Kent County until January 1, 1944, when the Act of 1943, Chap. 816, went into effect. By that Act the County Commissioners of Kent County were constituted the "Liquor Control Board for Kent County" with "full power and authority to establish, operate and maintain, in Chestertown, Rock Hall, Betterton and Galena and at such other places in said Kent County as said Liquor Control Board deems desirable and proper, stores to be known as Kent County Liquor Dispensaries, for the sale of any sparkling or fortified wine and any other alcoholic beverage containing more than 14 per cent. of alcohol by volume in sealed packages * * *, which packages or containers shall not be opened nor their contents consumed on the premises were sold." This is the only provision [77-A (1)] for the alcoholic content of beverages to be sold in dispensaries, and 14 per cent. is the minimum alcoholic content of "sparkling or fortified wine or any other alcoholic beverage," which the Control Board is authorized by the Act to buy and sell.

Section 2 of the Act of 1943, Chap. 816, was the blanket repealer, which repealed all Public General and Public Local Laws inconsistent with this law to the extent of such inconsistency.

The defendants' contention is that the provisions of the Act of 1933, Extra Session, Chap. 2, with respect to alcoholic beverages in Kent County are inconsistent with the Act of 1943, Chap. 816, and, there-

fore, the licenses of those who held licenses to sell alcoholic beverages in Kent County, were revoked and cancelled on January 1, 1944, the effective date of the Act of 1943. If this contention is correct, then there is no licensed dealer for the sale of beer, wines, or liquors, and there has been no appropriation of private property without due process, as the Act of 1933, Extra Session, Chap. 2, Code, 1939, Art. 2B, Sec. 28, expressly says there is no property right in any license granted under that Act and that makes it a condition of the license.

The decision of the Circuit Court and the contention of the defendants is that the Act of 1943, Chap. 816, by implication repeals the provisions of the Code, Art. 2B, respecting Kent County. The defendants argue that the two Acts are inconsistent, and, therefore, the first (1933) must fall. The only place to which this Court can go is to the statute, and come to our conclusion from the language there employed; there is where we must look for the legislative intent; it is our only guide. The defendants argue that the Act of 1943, Chap. 816, is a general law, inconsistent with prior provisions of the law, and must, therefore, be construed as a statement of a general policy of the Legislature, inconsistent with its former enactment. The Act of 1943, Chap. 816, does add two new sections to Article 2B, designated as Sections 77-A and 77-B, but no matter what it is called it deals only with Kent County, and has no application elsewhere in the State.

The defendants, for this contention, rely on the decisions in *Montel v. Consolidation Coal Co.*, 39 Md. 164, and *Bay Bridge Ferry Corporation v. Commissioners of Queen Anne's County*, 160 Md. 398, 135 A. 441, where it was held, quoting in both cases from *Bartlett v. King*, 12 Mass. 537, 545, 7 Am. Dec. 99: "A subsequent statute, revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on principles of law as well as in reason and common sense, operate

to repeal the former." We think the decisions in those cases have no application here.

As stated before, we can only gather what the Legislature meant from what it said. For ten years, under Sections 4 and 6 or Article 2B of the Code, there were two kinds of licenses in Kent County: beer, wines, and liquor (off sale) and beer, on or off. Then came the Act of 1943, Chap. 816, which does not say that the method of sales of liquor in Kent County is to be exclusive of any other system, or in substitution of that then existing; there is no reference to Sections 4 and 6 of Article 2B, and no language to indicate that their repeal as to Kent County was intended; that may have been the purpose of the Act, but the Legislature did not say so; nor can such an intention be here implied.

Many times this Court has said that repeals by implication are not favored. "No Court should ever adjudge that a repeal has occurred except when it is inevitable or the language of the Act shows plainly that the Legislature intended it. Such a legislative intent is never presumed. If there is any question whether a repeal was intended, the statute is strictly construed." *State v. Clifton,* 177 Md. 572, 574, 10 A. 2d 703, 704.

There is no mention in either the title or body of the Act of 1943 that there was an intention to repeal, alter, or amend Sections 4 and 6 of Article 2B, whereby the sale of beer, wine, and liquor by private persons was authorized in Kent County. That there was no legislative intent to disturb these sections, is further evidence by the title of the Act of 1943, Chap. 816, which reads: "An Act to add two new sections to Article 2B of the Annotated Code of Maryland (1939 Edition), title 'Alcoholic Beverages,' sub-title 'County Dispensaries,' said new sections to be known as Sections 77-A and 77-B and to follow immediately after Section 77 of said Article, providing for the creation of a Liquor Control Board and the establishment of dispensaries in Kent County." So by its express terms, it extended the

Act so as to authorize the County Commissioners of Kent County to go into the liquor business, in competition with grocers and druggists who were so engaged or might take out licenses. There is no language in the Act of 1943 which says the county may go into the business and exclude any licenses to private persons, as in the case of several counties mentioned in Sections 68 to 84, Code, Art. 2B.

The net result of the Act of 1943, Chap. 816, is that the County Commissioners of Kent County and grocers and druggists can all engage in the "off sale" liquor business. The Legislature created this situation, and only the Legislature can change it; the courts cannot.

MARBURY, J., dissented.