Plaintiff in this action to which a demurrer has been interposed seeks a decree of specific performance and damages as a result of defendant's failure to comply with the terms of a written agreement respecting the sale and purchase of land alleged to have been entered into between the parties. The writing upon which plaintiff bases her action is referred to in the complaint and a copy annexed thereto styled Exhibit "A", reading:
"August 24, 1943
"In consideration of the sum of $625 I, Mary D. Gerardo [plaintiff], agree to sell to Mr. Walter Page [defendant] lot No. 3 on Highland Avenue for the payment of $300 cash down and $40 per month on balance $325. Size of lot 46.7 x 130 feet.
 [signed] "Mary D. Gerardo "Walter Page"
Defendant's demurrer is composed of one paragraph with three subdivisions which may be reduced to a frontal attack on two concise grounds; 1(a), (b) as one: the alleged agreement annexed to and made a part of the complaint does not contain a sufficient description of the land involved from the standpoint of identity as required by the Statute of Frauds, to wit, section 5982 of the General Statutes, Revision of 1930; 1(c) as two: the alleged agreement discloses no consideration.
The first ground requires a close analysis and is to be tested by three rules of general application: (a) "The note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." Nichols vs. Johnson,10 Conn. 192, 198. See, also, Shelinsky vs. Foster, 87 Conn. 90,96; Gendelman vs. Mongillo, 96 id. 541, 543; Shoag vs. Sheftel,99 id. 541, 543. (b) "The description is sufficiently definite whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map *Page 80 
or fact, by resort to extraneous evidence thereof, whether oral or written." McMahon vs. Plumb, 88 Conn. 547, 552. See, also, Frabicatore vs. Negyesi, 105 Conn. 412, 414. (c) "Descriptions which are clearly within the statute are: your land; a piece of land; a piece of land in M; and a given number of acres. These cannot be identified without resort to the negotiations of sale, in order to complete the terms, and this cannot be done." Gendelman vs. Mongillo, supra, p. 550. See, also,Frabicatore vs. Negyesi, supra, p. 414.
The statement of any rule is usually a matter of quotation requiring little or nothing in the way of intellectual process. The real difficulty is in applying the correct rule or rules to a concrete set of facts in the determination of a specific problem. The initial question, therefore, is whether the description "lot No. 3 on Highland Avenue" is a sufficient description under the foregoing rules de identification in the memorandum upon which the case at bar is based. Obviously the best approach is by reference to cases having a common ground. This method gives animation to rules (a), (b) and (c) quoted in the preceding paragraph. The cases now to be considered require a careful reading beyond the limits of the brief references thereto.
The following descriptions have been held sufficient: "Philo Baldwin's right in Donald Baldwin's estate" (Nichols vs. Johnson,10 Conn. 192); "to purchase of P. H. Hodges his place in Stratford, Conn., containing fifteen acres, more or less" (Hodges vs. Kowing, 58 Conn. 12); "Lot No. 1 on map of lots at Walnut Beach and filed at the Town Clerk's office at Milford, Connecticut" (McMahon vs. Plumb, 88 Conn. 547, 553), but proved fatal at the trial when it appeared that no such map was in existence and the vendor owned several lots at Walnut Beach; "38-40 Emmet Avenue three tenement house", the memorandum being dated at Derby, Connecticut (Kilday vs.
Schancupp, 91 Conn. 29): "6 Washington Place" (Gendelmanvs. Mongillo, 96 Conn. 541).
In the last cited case it was said of the earlier Connecticut cases to which reference is made, and to comparable cases of other jurisdictions (p. 550): "The premises referred to were in each of these instances sufficiently definite to identify the land by its own terms, or by reference to external standards in existence at the time of the making of the memorandum." *Page 81 
The following descriptions have been held insufficient: "A tract of land, with all the buildings thereon, adjoining the New Haven Derby R. R. in the town of Orange, containing some twenty acres more or less" (Andrews vs. Babcock,63 Conn. 109); "I sold all my property one house and two lots 100 x 100 for the sum of six thousand dollars ... to Mr. Angelo Frabicatore...." (Frabicatore vs. Negyesi, 105 Conn. 412).
Defendant contends that the Frabicatore case is decisive of the first ground of his demurrer and that it should be sustained under that decision. Plaintiff, on the other hand, contends that the Gendelman case controls, with particular reference to pages 546-551, and is authority for the overruling of the demurrer. Both of these cases are actions for specific performance brought by vendees and the sufficiency of the description of the land involved as contained in the respective memoranda was tested on demurrer to the complaints. The fact that in the case at bar the vendor is party plaintiff is of no particular importance (Andrews vs. Babcock, 63 Conn. 109,116), although in most of the cases to be found the vendee is the moving party. The memoranda in the two cited cases correspond to that in the case at bar in that it does not appear where the agreement was executed; the Frabicatore and Gendelman
memoranda correspond to each other in that they were signed only by the vendee defendants and differ from that in the case at bar which purports to be signed by both the vendor and vendee; the Frabicatore memorandum makes no reference to or attempts to identify the property involved other than "all my property one house and two lots 100 x 100", whereas the Gendelman memorandum seeks to identify by the designation "6 Washington Place"; as to the last aspect the Gendelman
memorandum corresponds far more closely to that in the case at bar.
Had the memorandum in the case at bar referred to "No. 3 Highland Avenue" rather than to "lot No. 3 on Highland Avenue", the Gendelman case (p. 547) would then be directly in point. Or had the memorandum referred to "Lot No. 3 in map of lots relating to Highland Avenue on file at the Town Clerk's office at Torrington", the complaint would withstand the demurrer on the first ground under the McMahon case,supra (88 Conn. 547, 553). In the last analysis the question comes down to whether the description "Lot No. 3 on Highland Avenue" can be identified by "its own terms, or by reference *Page 82 
to external standards in existence at the time of the making of the memorandum." Gendelman case, supra, p. 550.
Since the description "No. 3 Highland Avenue" would suffice under the Gendelman case notwithstanding the fact that the memorandum does not disclose the residence of the parties nor the town where the avenue is located, there is no practical reason why the description as contained in the memorandum — "lot No. 3 on Highland Avenue" — is not of equal identity. It is deemed that the Frabicatore case is distinguishable on the more narrow limits of the memorandum there considered. Moreover, it is noted that our Supreme Court divided on a three-to-two basis on the only question in the case and that the closing paragraph of the opinion of the majority members nevertheless leaves intact the Gendelman case on the question herein involved in no uncertain language, when it is said (p. 415): "Its decision controls the immediate ground of demurrer before us...." In short, although the conclusions reached in the two cases appear to be in conflict, they can be clearly reconciled on the broad ground that the memoranda therein considered are not comparable but distinguishable in important aspects.
In its determination of what action to take respecting the first ground of demurrer the court has not confined itself to an examination of earlier Connecticut cases on the subject. General reference is made to the following sources and cases of other jurisdictions: 27 C.J., Frauds, Statute of, §§ 321, 324, and footnote 96 to latter section citing Price vs. McKay,53 N.J. Eq. 588, 32 A. 130, and Robeson vs. Hornbaker, 3 N.J. Eq. 60
(which cases are also cited in the Gendelman case, p. 549); 37 C.J.S., Frauds, Statute of, §§ 184, 187, and footnote 69 to latter section citing Bloech vs. Hyland Homes Co.,119 Or. 297, 247 P. 761; 2 Williston, Contracts (Rev. ed. 1936) § 578, and cases collected in footnotes 5-7, pp. 1658-1661.
The demurrer is not well taken on the first ground.
The second ground requires only a brief discussion. The complaint alleges, and Exhibit "A" discloses, that the parties signed their respective names to the memorandum. "Not infrequently an agreement in terms states merely that one party will buy or that he will sell .... without stating any correlative promise or obligation of the other party. If the parties were purporting to make a contract it will generally be a correct inference of fact to assume the existence of the correlative promise." 1 Williston, Contracts (Rev. ed. 1936) § 90, pp. *Page 83 
253-254. The fact that the memorandum in question discloses that the words "Accepted, Buyer" do not precede the defendant's signature, as was something of the situation in Finlay vs.Swirsky, 103 Conn. 624, 629, is not deemed fatal. By placing his signature to the memorandum defendant impliedly promised to buy property of plaintiff which plaintiff expressly promised to sell him for a stated sum of money. There is authority to the effect that although a promise is unenforceable because it comes within the Statute of Frauds, it is, nevertheless, sufficient to support a counter-promise. 1 Williston, supra, § 105, p. 363. A promise for a promise is always sufficient consideration and is amply made out in the memorandum in question.
The demurrer is not well taken on the second ground.
In so far as subdivisions (a), (b) and (c) of paragraph 1 of the demurrer may be said to state a ground of demurrer distinct from grounds one and two herein specified, such is overruled without special discussion.
A closing observation is deemed appropriate. Admittedly the first ground of the demurrer presents a close question. The court is of the opinion that as between the Gendelman case and the Frabicatore case the former should control over the latter in the determination of the specific point involved. This is because the court reasons that the memorandum considered in the Gendelman case more closely approximates and is more comparable to the memorandum in the case at bar than the memorandum considered in the Frabicatore case. Whether or not plaintiff would be precluded at the trial from offering evidence respecting the existence of an unrecorded map as distinguished from a recorded map of lots on a Highland Avenue in a Connecticut town, as preliminary to showing that "Lot No. 3" thereof is owned by her, is a matter beyond the scope of this writing. So, also, a situation could develop at the trial analogous to that in McMahon vs. Plumb, supra. This memorandum in the nature of things is not concerned with the mechanics of a future trial. It is to be expected that other problems will arise for the determination of another day and possibly for another judge.
 For reasons herein stated the demurrer is overruled