[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF NOTICE OF LIS PENDENS (#107)
The defendants, August Lenhart, Grand Vista LLC and Great View LLC, move to discharge the notice of us pendens filed by the plaintiff, Jacob Margulis, regarding property designated as an undeveloped condominium phase located on Highland Road, Stamford, Connecticut. The underlying complaint,[1] filed on or about May 1, 2000, contains the following factual allegations. In April of 1999, plaintiff Margulis and defendant Lenhart were disputing the purchase and sale of Unit 7 in the Grand Vista Condominiums on Highland Road. To avoid possible legal action, plaintiff Margulis claims that defendant Lenhart promised to offer a unit of "similar size, amenities and view at a similar price," in the soon to be developed second phase adjacent to the existing condominiums, such development to take place within the year. This was memorialized and signed by August Lenhart on April 24, 1999, on a facsimile sheet bearing Lenhart's name and address information. The plaintiff avows he accepted this offer. Moreover, the plaintiff alleges that defendant Lenhart, through his limited liability company, the defendant Great View LLC, purchased the adjoining property for purposes of developing said second phase in November 1999. Plaintiff Margulis thereafter alleges that defendants Lenhart and Great View LLC did not perform their obligation under the supposed written agreement because Lenhart informed the plaintiff he could not offer him a similar unit for less than $350,000.00. The complaint seeks, inter alia, specific performance and/or damages. On June 29, 2000, defendants Lenhart, Grand Vista LLC and Great View LLC filed a general answer in denial to all claims and six special defenses, chiefly based on the Statute of Frauds, General Statutes §52-550, absence of consideration, absence of mutuality of obligation, and the timing of the formation of the defendant Great View LLC. Plaintiff Margulis filed a July 3, 2000 reply denying all special defenses and putting the defendants to their proof On July 26, 2000, the defendants filed this application for discharge of the notice of lis pendens. The court held the requisite statutory hearing[2] on July 31 and August 1, 2000. Thereafter, both the plaintiff and the defendants filed post-hearing memoranda on September 15, 2000.
The applicable standard comes from General Statutes § 52-325b.[3]
"At such a hearing, the plaintiff is initially required to establish probable cause to sustain the validity of his claims . . . This probable cause hearing is not a trial on the merits, nor is it intended as such. The plaintiff need not establish his claim by a preponderance of the evidence. The court, while not making a final decision on the merits, weighs the testimony given and the documentary proof presented. The trial court's duty is to weigh the probabilities based on the facts and to exercise its broad discretion in determining whether there is probable CT Page 13867 cause to sustain the lis pendens." (Citations omitted.) Sanstrom v. Strickland, 11 Conn. App. 211, 212, 525 A.2d 989 (1987). See also Corsino v. Telesca, 32 Conn. App. 627, 635, 630 A.2d 154, cert. denied,227 Conn. 931, 632 A.2d 703 (1993). Probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Dufraine v. Commission on Human Rights Opportunities, 236 Conn. 250, 261, 673 A.2d 101 (1996).
In examining whether the plaintiff's underlying claim is bona fide to sustain the lis pendens, the issue before this court is whether the document submitted by the plaintiff constituted a binding and enforceable contract for the sale and purchase of real estate or merely a document evidencing an intention to create a binding contract in the future.
Specific performance with respect to real estate is not appropriate unless there exists a binding contract which is fair, equitable, certain and mutual, consistent with policy and made on good consideration. Burnsv. Gould, 172 Conn. 210, 214, 374 A.2d 193 (1977). The intention of the parties is, of course, controlling. Socony-Vacuum Oil Co., Inc. v. Elion,126 Conn. 310, 316, 11 A.2d 5 (1940). The law neither makes a contract when the parties intend none nor does it regard an arrangement as completed which the parties thereto regarded as incomplete. New HavenTile Floor Covering Co. v. Roman, 137 Conn. 462, 464, 78 A.2d 336
(1951). "Whether the parties intended legally to bind themselves prior to the execution of a formal contract is to be determined from (1) the language used, (2) the circumstances surrounding the transaction, and (3) the purpose that they sought to accomplish. . . . A consideration of these factors enables a court to determine if the informal contract. . . . is enforceable or merely an intention to negotiate a contract in the future." (Citations omitted.) Fowler v. Weiss, 15 Conn. App. 690, 693,546 A.2d 321 (1988). Since consideration need not be expressed in the writing; Sage v. Wilcox, 6 Conn. 81 (1826); this court's concern is with the sufficiency of the memorandum.[4]
The Statute of Frauds[5] requires contracts for the conveyance of realty to be in writing. Hieble v. Hieble, 164 Conn. 56, 59, 316 A.2d 777
(1972); see also Levesque Builders, Inc. v. Hoerle, 49 Conn. App. 751,756, 717 A.2d 252 (1998); and McNeil v. Riccio, 45 Conn. App. 466, 470,696 A.2d 1050 (1997). "The note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it, and the parties to it, so as to furnish evidence of a complete agreement. . . . The description is sufficiently definite CT Page 13868 whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." (Citations omitted; internal quotation marks omitted.) Gerardo v. Page,13 Conn. Sup. 78, 79-80 ___ A.2d ___ (1944). "The rule generally is that the memorandum must state with reasonable certainty the terms and conditions of all of the promises constituting the contract, whether or not it shows on its face that some are lacking." Angelopos v. Cookas,13 Conn. Sup. 420, 422 ___ A.2d ___ (1945). "It suffices to satisfy the statute if the price is stated in any words or figures which clearly indicate, as applied to the subject, what that price is." (Citation omitted.) Schneidau v. Manley, 131 Conn. 285, 291, 39 A.2d 885
(1944) (agreement provided for precisely "$8500 net"). Furthermore, "[w]here the parties to a contract for the sale of realty leave for future arrangement such an essential as the manner in which the purchase price is to be met, the writing is without legal value. The Statute of Frauds stands in the way of recovery." Hart v. Palmer, 11 Conn. Sup. 146
147 ___ A.2d ___ (1942). Such specificity as to price has also been held to include terms of payment regarding interest, principal, mortgage and amortization. See Montanaro v. Pandolfini, 148 Conn. 153, 157-58,168 A.2d 550 (1961); Carta v. Marino, 13 Conn. App. 677, 680-81,538 A.2d 1091 (1988). Land must be described with reasonable certainty as well. See Kilday v. Schancupp, 91 Conn. 29, 98 A.2d 335 (1916). For example, in Frabicatore v. Negyesi, 105 Conn. 412, 135 A.2d 441 (1926), "all my property, one house and two lots 100 X 100," was insufficient for specific performance under the Statute of Frauds. One case that neither party cited is moderately on point. In Mansour v. Clark, 5 Conn. Cir. Ct. 439, 441 (1968), the memorandum relied on consisted of the following language in a letter from the defendant to the plaintiff:
 "Pursuant to our previous conversations, I agree to convey to you that portion of said premises as lies generally southerly and westerly of your property. The exact dividing line between the portion I will convey to you and the portion I will retain shall be mutually determined and the necessary deed delivered to you as soon as the location of the paddle tennis court which I propose to construct upon my portion has been fixed. Upon delivery of the deed to you, you will pay me that portion of the price which I pay Mr. Bosworth that is in the same proportion as the land conveyed to you is to the entire premises conveyed to me."
The Mansour court held that the letter did not satisfy the Statute of Frauds. CT Page 13869
Based on the subject memorandum and testimony offered, the court finds the same result in this case as in Mansour. Even under the relative threshold of probable cause, the memorandum here is inadequately definite. The document, dated April 24, 1999, is a boilerplate faxsheet of August Lenhart's, and was used in an unorthodox manner by virtue of writing on the blank bottom half of the page. It reads:
 "Provided the purchase of the adjoining property happens this year In this case I will offer to J. Margulis a house similar in size + amenities + view to unit 7 to him at a similar price
This offer expires [signed] July 2000 A. Lenhart"
See Exhibit 2. Without the aid of parol testimony, the memorandum is insufficient in its terms, price and description of the property. There is no reference to any other writing that the court could employ as part of the alleged agreement. There is no mention of payment, mortgage, or timing of payment. The plaintiff contends that circumstances surrounding the memorandum and the parties understanding of similarities to unit 7, shed light that there was an intention for this to be a complete agreement. In particular, the plaintiff testified that the parties both understood "similar price" to mean $280,000. The court does not find this testimony credible. In addition, the plaintiff argues that the defendant Lenhart is hiding behind Great View, LLC since Lenhart is claiming that the entity, not himself, purchased the adjoining property. The plaintiff presented no evidence of fraud, misrepresentation or conduct involving the corporation as an "alter ego." If the plaintiff's offer of parol evidence at the hearing was submitted for purposes of explaining the terms of the memorandum as the parties intended, rather than altering it, the result does not change. "It is the trial court which had an opportunity to observe the demeanor of the witnesses and parties; thus, it is best able to judge the credibility of the witnesses and to draw necessary inferences therefrom. . . . A trier of fact is free to reject testimony even it is uncontradicted . . . and is equally free to reject part of the testimony of a witness even if other parts have been found credible." (Citations omitted; internal quotation marks omitted.) Normand JosefEnterprises v. Connecticut National Bank, 230 Conn. 486, 507, 646 A.2d 1289
(1994). There was no credible evidence that the parties mutually assented to a definition of "similar price." Indeed, the court finds the defendant Lenhart credible when he testified that he regarded the term "similar price" as possibly being "several thousand" dollars above or below $280,000. The lack of specificity as to price alone makes the memorandum insufficient. Likewise, full or part performance, the traditional exception to the Statute of Frauds does not even apply here. While this court is not commenting on the merits of the claim for purposes of CT Page 13870 trial, the plaintiff in essence has placed a lis pendens on a condominium phase that has yet to be constructed and more specifically on a unit within that phase that does not exist. "In this matter, the probabilities do not favor the plaintiff and this court cannot sustain the validity of its claim. of course, this ruling is in no way to be construed as an indication of the merits of any related claim for damages based on detrimental reliance or some other theory; but, rather, is limited to the claim for specific performance of a binding, enforceable contract. An action for monetary damages is not an appropriate basis for filing a notice of lis pendens." Fredo v. Wright, Superior Court, judicial distrtict of Hartford/New Britain at Hartford, Docket No. 578445 (June 19, 1998, Fasano, J.). See also Garcia v. Brooks Street Associates,209 Conn. 15, 22, 546 A.2d 275 (1988).
Wherefore, for all the reasons discussed above, the plaintiff has not established probable cause to sustain the validity of his underlying claim, and accordingly, the motion to discharge the notice of lis pendens is hereby granted.
Mintz, J.