LEONARDO SANTORO *vs.* CATHERINE MACK ET ALS.

Third Judicial District, Bridgeport, October Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 23d, 1928—decided March 2d, 1929.

*Michael V. Blansfield* and *John E. Whalen,* for the appellant (plaintiff).

*William B. Fitzgerald,* with whom, on the brief, was *Ulysses G. Church,* for the appellees (defendants).

HAINES, J.   The first count of the amended complaint alleged a written agreement between the plaintiff and the defendant Mack, for the sale to the former of certain real estate in Waterbury owned by the latter, the agreement reading as follows:

"Waterbury, Conn., Sept. 24, 1926

"Received from Mr. Leonardo Santoro $100 for a deposit for Mrs. Mack's property situated at 1017 N. Main St., said property to be free from all encumbrances except first mortgage of $7,500 held by Citizens & Manufacturing Bank and a second mortgage of 2,000 held by Nicolo.  Said Mrs. Mack is to receive $2,500 in cash and bal. and adjustments are to be figured at date of bill.

Agreed price $14,000.    (Signed) CATHERINE MACK.

Wit.:

M. G. SANTORO

ANTONIO SANTORO."

It was further alleged that relying upon this agreement and induced thereby the plaintiff incurred obligations to an electrician for preparing estimates for

wiring the premises and to an architect for plans for improvements upon the property, and that he further entered into a written agreement with a prospective buyer of the property which would have yielded the plaintiff a profit of $1,000; and that he had arranged with a banking institution for a loan of $7,000 to apply on the purchase price of the property; but that on October 14th, 1926, the defendant Mack conveyed the property to the defendants Ciervo, the latter knowing at the time that she had made the foregoing contract with the plaintiff, and further that the plaintiff had been at all times and was then ready, willing and able to carry out his part of the contract. A second count alleged that the defendants wrongfully and fraudulently agreed between themselves to deprive the plaintiff of the benefit of his contract. Upon demurrer to this complaint the court held that the contract between the plaintiff and the defendant Mack was unenforceable for the reason that the written memorandum thereof did not comply with the requirements of the statute of frauds; and that as all the claimed grounds of recovery were based upon that contract, the complaint did not state a cause of action.

The first assignment of error is a general one and violates our rule which requires that assignments must be specific. The next four assignments attack the decision of the trial court that the memorandum of sale was insufficient because it failed to set forth the essential terms of the sale under which the purchase price was to be paid, because it did not sufficiently provide how the balance of the $1,900 of the purchase price was to be paid and because it did not state the time when the conveyance was to be made.

The requirements of a memorandum of sale to satisfy the statute of frauds in this State are too well established to require extended consideration. It must

state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. *Miller* v. *Vordenbaum,* 105 Conn. 636, 638, 136 Atl. 382; *Shoag* v. *Sheftel,* 99 Conn. 541, 543, 121 Atl. 799; *Gendelman* v. *Mongillo,* 96 Conn. 541, 543, 114 Atl. 914; *Shelinsky* v. *Foster,* 87 Conn. 90, 96, 87 Atl. 35; 27 Corpus Juris, p. 269, §319, p. 277, §334.

"The memorandum of the contract need not be the contract itself, but must contain sufficient data whereby a contract satisfying the terms of the prior oral agreement of the parties might be put in extended and customary form, without the aid of oral proof." *Handy* v. *Barclay,* 98 Conn. 290, 295, 119 Atl. 227.

A memorandum is insufficient where a decree based thereon would not carry out the true agreement as made by the parties or where the agreement stated in the memorandum does not express the entire agreement between the parties so these must be supplemented by parol evidence of the negotiations. *Gendelman* v. *Mongillo,* 96 Conn. 541, 545, 114 Atl. 914.

The memorandum before us shows clearly that the defendant Mack received $100 from the plaintiff to apply on the purchase price which was $14,000; that the property was to remain subject to a mortgage of $7,500 held by the Citizens & Manufacturing Bank and to a second mortgage for $2,000 "held by Nicolo"; that out of the purchase price the defendant Mack was to receive from the plaintiff $2,500 in cash. These specific provisions account with certainty for $12,100 of the purchase price, but the terms of payment for the

balance of $1,900 are not otherwise specified than in the following language: "and bal. and adjustments are to be figured at date of bill." It is at once apparent that the understanding of the parties as to how this $1,900 was to be paid is not indicated, nor is any intimation given as to when the contract was to be performed.

This deficient statement as to the terms of payment of the balance due, is met by the plaintiff with the claim that under such circumstances, there is a legal presumption that this shall be paid in cash, citing *N. E. D. Holding Co.* v. *McKinley*, 246 N. Y. 40, 157 N. E. 923. This is undoubtedly the rule where no method of payment has in fact been agreed upon by the parties. The presumption rests rather upon the failure to agree than upon the failure to state what was agreed. *Swedish-American Nat. Bank* v. *Merz*, 179 N. Y. Supp. 600, 602.

Where the memorandum, as in this case, indicates on its face that there are other terms which were agreed upon but which are not stated in the memorandum, a presumption that payment of the whole or a part of the purchase price was to be paid in cash does not obtain. *Gendelman* v. *Mongillo*, 96 Conn. 541, 546, 114 Atl. 914; 9 Amer. & Eng. Anno. Cas. pp. 1062, 1063.

Moreover, any such presumption in the present case would be rebutted by the specific provision in the memorandum that the amount which the defendant Mack was to realize in cash, in addition to the $100, was to be $2,500 and not $4,400 as would be the case if the presumption controlled.

This memorandum is also silent as to when the contract is to be completed. Here, too, if the parties did not in fact agree upon a time to complete the contract, the law raises a presumption that it is to be

done within a reasonable time. This is a rule of wide application, but this memorandum provides that the "bal. and adjustments are to be figured at date of bill." We must assume that this refers to the time when the contract is to be carried out and the papers passed, and it clearly points to the fact that some time was in the contemplation of the parties as one of the terms of the agreement. There is nothing in the memorandum by which the time of the carrying out of the agreement can be determined. In this respect also, the memorandum lacks that certainty which our rule requires. For these reasons we cannot hold the memorandum a sufficient compliance with the rule. A complaint based upon it would not carry out the true and entire agreement of the parties. *Harlow* v. *Parsons Lumber & Hardware Co.,* 81 Conn. 572, 576, 71 Atl. 734; *Shoag* v. *Sheftel,* 99 Conn. 541, 545, 121 Atl. 799; 27 Corpus Juris, p. 279, § 335.

The plaintiff further appeals on the ground that the doing by him of certain acts was a "part performance" of the contract and so takes the case out of the statute of frauds. He alleged as such acts the fact that he paid $100 of the purchase price, and that in reliance upon the contract he incurred expenses in procuring the services of an electrician and of an architect, arranged to sell the property for $1,000 more than he was to pay for it, and also arranged for a loan and gave a mortgage on other property for security therefor.

In those cases where one party, in reliance upon the contract, has partly performed it to such an extent that a repudiation of the contract by the other party would amount to the perpetration of a fraud, equity looks upon the contract as removed from the operation of the statute of frauds and will enforce it by specific performance or give other relief as the case may be. *Eaton* v. *Whitaker,* 18 Conn. 222, 229; *Andrew* v. *Bab-*

*cock,* 63 Conn. 109, 119, 26 Atl. 715; *Verzier* v. *Convard,* 75 Conn. 1, 6, 52 Atl. 255; 27 Corpus Juris, p. 343, § 427.

The rule which we have recognized and enforced in this State is that acts will be held to be in part performance if they are such as clearly refer to some contract existing between the parties, in relation to the subject-matter in dispute. A less liberal rule has found support in some jurisdictions, holding that the acts must refer to the identical contract set up. *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 247, 137 Atl. 769; *Bradley* v. *Lovejoy,* 98 Conn. 315, 319, 119 Atl. 147; *Andrew* v. *Babcock,* 63 Conn. 109, 122, 26 Atl. 715; *Grant* v. *Grant,* 63 Conn. 530, 539, 29 Atl. 15.

" 'A party who has permitted another to perform acts on the faith of an agreement, shall not insist that the agreement is bad, and that he is entitled to treat these acts as if it had never existed. That is the principle; but the acts must be referable to the contract.' " *Eaton* v. *Whitaker,* 18 Conn. 222, 230.

Under the rule well established by the authorities, it must appear that these acts are of such a character that they can be reasonably and naturally accounted for in no other way than that they were performed in pursuance of a contract between the parties, and though they cannot indicate all the terms of the agreement, they must be in conformity with its provisions. *Van Epps* v. *Redfield,* 69 Conn. 104, 110, 36 Atl. 1011; *Verzier* v. *Convard,* 75 Conn. 1, 7, 52 Atl. 255, and cases cited.

By the great weight of authority the payment of part or all the purchase price under a contract of this character, is not a part performance of the contract. *McMahon* v. *Plumb,* 88 Conn. 547, 553, 92 Atl. 113; *Kimberly* v. *Fox,* 27 Conn. 307, 316; 36 Cyc. p. 650, ¶ 2.

The acts claimed by the plaintiff as above stated, were not, so far as appears, of this character. They do not compel the inference that there was some contract by which these acts were required of the plaintiff and therefore explainable upon no other theory. We are not forced to the conclusion by anything which appears of record, that these acts were done in pursuance of the requirements imposed by a contract between the parties. They are of a purely preliminary or collateral character, done by the plaintiff only in anticipation of the actual performance of a contract by both parties. One of the most common acts of part performance, and one which illustrates the distinction to be drawn, is the act of giving possession of the property to the prospective purchaser. *Eaton* v. *Whitaker,* 18 Conn. 222, 229; *Green* v. *Jones,* 76 Me. 563, 566; *Brown* v. *Sutton,* 129 U. S. 238, 9 Sup. Ct. 273; 36 Cyc. p. 659, ¶ E.

On the other hand, such acts as measuring the land, making maps and surveys and plans for improvements and other acts prior or preliminary to the acquisition of title, have been held not to be acts of part performance. The acts in question in the present case are of this character. *Nibert* v. *Baghurst,* 47 N. J. Eq. 201, 20 Atl. 252; *Charlton* v. *Columbia Real Estate Co.,* 64 N. J. Eq. 631, 54 Atl. 444; *Gratz* v. *Gratz,* 4 Rawle (Pa.) 411; *Fickett* v. *Durham,* 109 Mass. 419, 423; 36 Cyc. p. 676, ¶ I.

The claim is made under another assignment of error that the second count of the amended complaint sets up a good cause of action against all these defendants for conspiracy. After reciting by reference the making of the agreement with the defendant Mack, the claimed acts of part performance and the ability and willingness to perform all other acts required of him by the contract, and the sale to the defendants

Ciervo with their knowledge of his contract, the plaintiff alleges that while his said agreement was in force, all the defendants "wrongfully and fraudulently agreed between themselves to deprive the plaintiff of the benefit of his said contract with the defendant Mack." For this he seeks damages as for a conspiracy.

A civil action for conspiracy must rest upon something actually done by one or more, pursuant to the scheme and in furtherance of the object, which act results in damage. The gist of the action is the tort committed or act or acts done, which result in damage, and not the conspiracy. *May* v. *Wood,* 172 Mass. 11, 51 N. E. 191; 5 R. C. L. p. 1066, § 7; 12 Corpus Juris, p. 581, § 100.

Though in some jurisdictions there are decisions to the contrary, it is very generally held that where the act done would not have been a ground for damages if done by one, the same act will not be rendered actionable because done by several in pursuance of an agreement. 12 Corpus Juris, p. 582, § 101. This has long been our rule in Connecticut, the reason being that the "allegation as to conspiracy brings no strength to the declaration, for it shows no additional cause of action." *Austin* v. *Barrows,* 41 Conn. 287, 300.

The plaintiff's allegations of fact in this respect, stand admitted by the demurrer for the purpose of testing the legal sufficiency of the charge. The allegations are simply to the effect that the defendants wrongfully and fraudulently agreed between themselves to deprive the plaintiff of the benefits of his contract by the giving of a conveyance by defendant Mack and by its acceptance by defendants Ciervo.

Since the plaintiff could not have compelled a conveyance under the contract alleged, the above allegations do not show that the transfer in question caused him any legal injury whatsoever. The defendant Mack

clearly had the legal right to make the transfer and the defendants Ciervo had an equal legal right to accept it. There is no allegation of facts showing the plaintiff was in any way deceived or misled to his injury, and the charge that the defendants agreed together, as was said in *Austin* v. *Barrows, supra,* "brings no strength to the declaration." Nor was the complaint aided by the allegation, without more, that this act was "wrongfully and fraudulently" done. No damage is alleged. The trial court was right in holding that no sufficient ground for recovery for conspiracy is alleged in the complaint.

Another claim of the plaintiff is that the trial court was in error in holding that he had not set up a good cause of action for damages. He claims to have had a right under the complaint to recover compensation for his alleged loss of a resale and for the expenses incurred in hiring an electrician, an architect, and in borrowing money, and reliance is placed upon our decisions in *Fischer* v. *Kennedy,* 106 Conn. 484, 138 Atl. 503, and *Kearns* v. *Andree,* 107 Conn. 181, 139 Atl. 695.

We held in the *Fischer* case that where the action for specific performance fails, the plaintiff may, if proper allegations appear in the complaint, recover for a loss which he has incurred as a result of making expenditures upon the property which have enriched the defendants, through reliance by the plaintiff upon the defendants' course of conduct leading him to believe that their agreement would be carried out; and we said: "Equity will not permit one to enrich himself at the expense of another in any such way." In the present case, no expenditures upon the property were made by the plaintiff, and neither the hiring of the electrician or the architect, the obtaining of a customer or the borrowing of the money, can be said to have in any way enriched the defendants or any of

them. It is clear that the principle invoked in the *Fischer* case has no application to the present one.

In the *Kearns* case we were also dealing with expenditures upon the property, one of the questions there being whether it was necessary that these expenditures should be found to have been of benefit to the owner of the property. Where such benefit is conferred, the rule we there stated is as follows: " 'The plaintiff, not being found to have been in wilful default, had a cause of action for the reasonable value of the work and materials so furnished, estimated with reference to the contract price, and to the resulting benefit to the defendant, provided she appropriated that benefit under circumstances sufficient to raise an implied promise to pay for it;' " citing *Jones & Hotchkiss Co.* v. *Davenport,* 74 Conn. 418, 420, 50 Atl. 1028, and *Gillis* v. *Cobe,* 177 Mass. 584, 59 N. E. 455. We also pointed out, and gave illustrative examples, that, in certain cases, recovery may be had without reference to the extent of benefit conferred upon the defendant owner. Those were instances where the services were performed or the expenditures made at the request of the opposing party and in expectation that compensation would be made for them, or were so made with defendant's knowledge or acquiescence, and without benefit to the defendant. In such cases the measure of recovery is the reasonable value of the services performed. The principle underlying this right of recovery is that the expenditures being made by one person either at the request of another or with his knowledge and acquiescence, and in the expectation on the part of the former that they would be paid for, a legal implication arises that they shall be paid for. *General Hospital Society* v. *New Haven Rendering Co.,* 79 Conn. 581, 65 Atl. 1065; *Taylor* v. *Robertson Co.,* 85 Conn. 504, 83 Atl. 534.

In the present case it was not alleged and does not appear that any of the acts we are considering were performed at the request or with the knowledge or acquiescence of the defendant Mack. They conferred no benefit upon her nor did they benefit the property; nor has their performance in any way enriched the defendant. On the contrary, they were purely voluntary undertakings such as might well have been made before obtaining any agreement from the defendant Mack. They were obviously made by the plaintiff in the belief that if a conveyance was later obtained, they would result in a profit to him. As such, they clearly fall outside that class of expenditures for which recovery can be obtained under the principles alluded to. We know of no equitable principle which would require an owner of property to make a prospective purchaser good for expenses so incurred for his own benefit without the knowledge or assent of the defendant. It is conceivable that under certain circumstances of deceit, misrepresentation or fraud which induced the making of the expenditures, a recovery might be had, but manifestly this complaint takes no such ground. The trial court was not in error in holding this complaint insufficient for a recovery on these items.

The trial court also held that the complaint was insufficient to sustain a judgment for the return of the $100 which the plaintiff paid at the time the memorandum was signed.

This complaint bases the right to recover damages upon the refusal of the defendant to perform an alleged enforceable contract. The contract being unenforceable, the plaintiff's right to recover this $100 must rest upon that fact and the further fact that the plaintiff paid this sum in good faith in the belief that the contract was valid, and that the defendant re-

fuses to repay the money. Such facts do not appear in this complaint and the trial court correctly ruled that the complaint as framed would not support a judgment for this sum. *McMahon* v. *Plumb,* 90 Conn. 281, 285, 96 Atl. 958; *Gilson* v. *Boston Realty Co.,* 82 Conn. 383, 73 Atl. 765; *Wainwright* v. *Talcott,* 60 Conn. 43, 52, 22 Atl. 484.

There is no error.

In this opinion the other judges concurred.