ELSIE N. BENTON *vs.* ETHEL COLSON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 10th—decided July 26th, 1932.

*Edward J. Quinlan* and *Sheldon B. Smith,* for the appellant (plaintiff).

*William H. Comley,* for the appellee (defendant).

PER CURIAM. This is an action brought by the owner of a tract of land in Norwalk for specific performance and damages because of the failure of the defendant to carry out an alleged contract to purchase it. The plaintiff, on July 10th, 1931, signed and delivered to the defendant a paper which reads as follows: "Receipt on account of purchase price of 15.52 more or less acres of land located off of Highland Ave. between Flax Hill Road and Devil's Garden Road. The purchase price to be $15,000. $2000 to be paid on signing of contract—$2000 to be paid Aug. 25th and $1000 October 25th at which time title will pass. Land to be designated as indicated on map and agreed upon by both parties." At the same time, the plaintiff delivered to the defendant the map on which the tract in question was delineated and the defendant gave her a check for $500, payable to the plaintiff and signed by the defendant. The trial court held that the paper, map and check could be considered together in deter-

mining whether there had been a compliance with the statute of frauds; but that, even so, there was no sufficient memorandum of the terms of sale. Whether or not the trial court was correct in its first ruling, it undoubtedly was in its second. Where no method of payment of the purchase price of real estate is agreed. upon, it is presumed that payment is to be made in cash at the time title passes, but this presumption rests upon a failure to agree rather than a failure to state what was agreed, and does not obtain where the memorandum indicates that terms were agreed upon which are not stated. *Santoro* v. *Mack,* 108 Conn. 683, 145 Atl. 273. Equally would this be so where the parties purposely left for future agreement the terms of payment. *Baird Investment Co.* v. *Harris,* 209 Fed. 291. In the instant case, the writing shows that a formal contract was to be thereafter drawn. It also rebuts any presumption that the balance of the purchase price not before paid was to be paid in cash when title passed, by its provision that at that time only $1000 was to be paid. It is apparent that how and when that balance was to be paid either was agreed upon and not stated in the writing or was left open for future agreement. The trial court was correct in its conclusion that there had been no sufficient compliance with the statute of frauds.

There is no error.