## GERARD INVESTING COMPANY, INC.
### vs.
### ALICE H. BRAINARD

Superior Court      New London County      File #12147

Present:   Hon. CARL FOSTER, Judge.

Bernard P. Kopkind,          Attorney for the Plaintiff.

Buck & McCook,          Attorneys for the Defendant.

## MEMORANDUM FILED NOVEMBER 16, 1937.

FOSTER, J. This action is based upon a claimed written contract, which is a part of the complaint and designated Exhibit A. By the terms of this instrument the defendant agreed to sell certain real estate to "a corporation to be formed by Hiram S. Gans". The plaintiff in this action is not Hiram S. Gans. The plaintiff is a corporation formed on June 1, 1933—not after the date of Exhibit A, August 20, 1936. There is no allegation in the complaint that Gans ever assigned his interest in Exhibit A to the plaintiff corporation. It is alleged in the amended complaint that Gans never formed any corporation after August 20, 1936. It does not appear in the complaint as amended that Gans ever designated the plaintiff as grantee under Exhibit A. It does not appear in the complaint as amended that the plaintiff corporation was ever formed by Gans.

As to the enforcement of the contract, there must be kept in mind the firmly established law of this state that the memorandum of sale "must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing concerned; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement". **Santoro vs. Mack, 108 Conn. 683.**

Here the purchaser is not otherwise described than as "a corporation to be formed by Hiram S. Gans". Hiram S. Gans might have formed numerous corporations after August 20, 1936. Which of such corporations would be entitled under the terms of this contract to be a party to the contract does not appear in the contract. It does not even appear that Gans was a party to the contract. So far as appears in the contract, A.B. might have agreed with the defendant that the proposed corporation would be formed by a third party named Gans.

The demurrer to the complaint as amended is sustained upon the 1st, 2nd, 3rd, 4th, 5th, 7th, 12th, 13th and 14th grounds thereof.