## Ann R. Horowitz v. Leon Hirsch

Superior Court Litchfield County File No. 11842

Memorandum filed January 29, 1947.

*Becket & Wagner*, of Lakeville, for the Plaintiff.

*Jacob Schwolsky*, of Hartford, for the Defendant.

ALCORN, J. The plaintiff seeks specific performance of a written agreement for the sale of land and damages. The agreement declared on is as follows: "Lakeville, Conn., September 10, 1946. "Received from Ann R. Horowitz $1300.00, (Thir-

teen Hundred Dollars), deposit to bind the sale of my Lakeville property. Full price $12,000.00 dollars. After completion of · sale I am to remove my personal belongings not later than December 30, 1946. A. R. Horowitz Leon Hirsch"

The complaint, after alleging that the parties executed the agreement at or about the date, and for the consideration recited, therein, then describes a parcel of real estate stated to be the only land owned, at the time, by the defendant in Lakeville. The remaining allegations concern a tender of the balance of the price by the plaintiff, and a refusal by the defendant to convey.

The defendant demurs that the agreement is within the Statute of Frauds because (a) the property and its location is not sufficiently described; (b) the time of conveyance is lacking; (c) the form of conveyance is not stated; (d) whether Ann R. Horowitz or Leon Hirsch is the seller does not appear; (e) the terms of payment are not fixed; (f) "personal belongings" is not defined; (g) it does not appear what requirements are necessary to result in a "completion of sale"; and (h) from the term "full price" it is uncertain whether a cash transaction or otherwise is contemplated.

Reasons (e), (g), and (h) raise the same fundamental proposition, namely, uncertainty of the terms of payment. Consequently the demurrer focuses its attack essentially upon the description of the property, the time of conveyance, the form of conveyance, the identity of the seller, and the terms of sale.

"No civil action shall be maintained . . . upon any agreement for the sale of real estate . . . unless such agreement, or some memorandum thereof, be made in writing, and signed by the party to be charged therewith . . ." General Statutes, § 5982.

"The note or memorandum of sale, required by the statute, must state the contract with such certainty, that its essentials can be known from the memorandum itself, without the aid of parol proof, or by a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement. But it is not necessary that the consideration should appear; nor is the form of the note, nor the place of signature, material." *Nichols* v. *Johnson*, 10 Conn. 192, 198. This is the firmly established rule by which the writing in the present case must be tested.

In application, it is equally well settled that the terms of the contract may not be aided by parol proof but on the contrary the writing itself must state the contract with reasonable certainty. *Gendelman* v. *Mongillo,* 96 Conn. 541. However, extraneous evidence is held to be admissible to identify the subject matter of the agreement. The rule is stated in this way: "The description is sufficiently definite whenever it is reasonably certain from the contract itself, or can be made certain through reference to record, contract, map or fact, by resort to extraneous evidence thereof, whether oral or written." *McMahon* v. *Plumb,* 88 Conn. 547, 552.

The writing under scrutiny in *McMahon* v. *Plumb,* supra, expressly referred to a map which was in fact nonexistent. But the court said, "The description might have been made certain had the plaintiff been able to prove that the defendant had only one lot at Walnut Beach." *McMahon* v. *Plumb,* supra, 553. On the other hand "all my property one house and two lots 100 x 100" has been held an insufficient description when the memorandum was otherwise silent as to the location of the property, the residence of the parties, or the place where the agreement was executed. *Frabicatore* v. *Negyesi,* 105 Conn. 412, 413.

In the present case the subject matter of the contract is "my Lakeville property" and the complaint alleges that the defendant owned but a single piece of land in Lakeville. The plaintiff is entitled to prove this by extrinsic evidence. *Shelinsky* v. *Foster,* 87 Conn. 90.

As to the defendant's claim that the contract does not sufficiently fix the time of conveyance, it is a reasonable inference that the sale was intended to take place at least between September 10, 1946, the date of the memorandum, and December 30, 1946, the date by which the seller's personal belongings were to be removed. It might further be inferred from the language used that the sale date was clearly to antedate December 30, 1946. Beyond this there is nothing to indicate that the parties had agreed upon a time to complete the sale and consequently the presumption is that it was to have been done within a reasonable time. *Santoro* v. *Mack,* 108 Conn. 683, 689.

Neither is there anything upon the face of the memorandum to indicate that the parties had made any agreement as to terms of purchase other than "Full price $12,000.00 dollars." This

raises a presumption that this sum was to have been paid in cash at the time title passed. *Santoro* v. *Mack*, supra; *Benton* v. *Colson*, 115 Conn. 720.

The other grounds of demurrer do not require extended discussion. Since the memorandum indicates on its face that the plaintiff made the cash deposit recited, that, along with the whole tenor of the writing indicates sufficiently that Leon Hirsch is the seller and "the party to be charged," in the language of the statute. The failure to specify the form of conveyance is not fatal. The custom of using warranty or quitclaim deed is too well settled to need amplification and I find nothing in either the statute or the judicial principles for its application which demand this particularity in the memorandum. The same may be said of the failure to define "personal belongings."

For the reasons stated, the demurrer is overruled on all grounds.