GILLES G. GARRE *v.* STANLEY GERYK ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 10—decided November 6, 1958

*Charles A. Sherwood,* for the appellant (plaintiff).

*William N. DeRosier,* for the appellees (defendants).

DALY, C. J.   The plaintiff brought this action against the defendants for specific performance and damages because of their failure to carry out an alleged agreement to sell real estate located in Bristol. The complaint contained two counts. The defendants demurred to both counts, and the demurrer was sustained. On the failure of the plaintiff to plead further, judgment was rendered for the defendants. The plaintiff appealed from the judgment. As he has pursued only his claim that the court erred in sustaining the demurrer to the first count, we confine our discussion to that claim.

The plaintiff alleged in the first count that on May 21, 1956, he entered into a written contract with the defendants, a copy of which was annexed to the complaint and marked exhibit A[1]; that he agreed to

[1] "REAL ESTATE AGREEMENT

PAULSEN & CADORET REAL ESTATE, INC.

I/We Stanley and Stella Geryk
of Bristol, Conn.        , hereby agree to sell
and I/We Gilles Garre
of Bristol, Conn.        , hereby agree to buy
the property known as parcel #8 w/159 feet of frontage on Farmington Avenue, Bristol, Conn. comprising approximately 42.1 acres more or less under the following terms and conditions:

TOTAL PURCHASE PRICE $1000.00 PER ACRE

INTEREST TO BE PAID AT THE RATE OF 5% ON MORTGAGE

Deposit in cash this date           $100.00
Additional Deposit upon Acceptance      ———
   This sum to release 2 acres
Cash subject to adjustments to be paid upon
   delivery of deed          $3900.00
Balance as follows: Additional acreage to be released at the rate of $1000.00

By securing a mortgage loan of not less than $——— with interest at not more than —% per annum for a term of not less than — years.

By assuming the existing mortgage of $——— at —% held by ——————— payable in accordance with its tenor.

By executing a mortgage to the order of the seller in the amount of $——— at —% per annum for — years payable ————.
Conveyance is to be made on or before *90 days from date* by warrantee deed free and clear of all encumbrances except restrictions of record, municipal assessments, zoning, and taxes, at which time balance of purchase price will be paid by buyer and all necessary mortgages executed as aforesaid.
Rents, interest, taxes, and water shall be adjusted as of the date of transfer of title.
Subject to a satisfactory title search by the buyer Occupancy shall be as of the date of transfer unless otherwise stated herein.

TOTAL PURCHASE PRICE MUST BE PAID IN 4 YEARS OR LESS

Dated:      Paulsen & Cadoret Real Estate, Inc. Agent
May 21, 1956      By Svend J. Paulsen
Stella Geryk      Gilles Garre
Stanley Geryk
   Owners          Buyers"

purchase, and they agreed to sell, the premises upon the terms set forth in the contract; that he was, on August 19, 1956, and ever since has been, ready, able and willing to perform the agreement and has offered to do so; that on February 7, 1957, he tendered $3900 to the defendants and demanded a conveyance of the property; and that the defendants have refused to convey it to him. The plaintiff also alleged: "Said land comprises the parcel designated as parcel No. 8 on page 49 of the current assessors' maps of the city of Bristol (and listed as containing 42.1 acres of land), with the exception of a small parcel in the southwest corner thereof which is now owned by Russell and Lillian Murphy; and with the exception of a small parcel having a frontage on Farmington Avenue of 71 feet and a depth of 200 feet, with dwelling house thereon known as No. 1187 Farmington Avenue (this last parcel being at the southeast corner of the tract herein concerned)." The defendants stated in their demurrer that exhibit A, as a written memorandum of an agreement to sell real estate, does not satisfy the requirements of the Statute of Frauds (General Statutes § 8293) in that the amount of the purchase price is not determined, the amount of the purchase money mortgage is not determined and set forth, the manner of repayment of the purchase money mortgage is not stated, no provision is made for the location and description of the two-acre parcel which was to be excepted from the purchase money mortgage, and it would be impossible for a court to formulate a decree determining and embodying these terms.

"The requirements of a memorandum of sale to satisfy the statute of frauds in this State are too well established to require extended consideration. It must state the contract between the parties with

such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Santoro* v. *Mack,* 108 Conn. 683, 687, 145 A. 273.

Before the total purchase price can be determined by multiplying the exact number of acres by $1000, which was the price per acre, the precise area of the property must be ascertained. As the agreement contained no reference to the assessors' maps or to any other writing or thing certain, only the agreement can be considered in an endeavor to ascertain the area of the property. "[T]he essentials of the agreement must be determined from the memorandum itself or 'by a reference contained therein to some other writing or thing certain.'" *Didriksen* v. *Havens,* 136 Conn. 41, 47, 68 A.2d 163; *Santoro* v. *Mack,* supra. The description stated in the agreement is "the property known as parcel #8 w/159 feet of frontage on Farmington Avenue, Bristol, Conn. comprising approximately 42.1 acres more or less." The only dimension given is the one stating the frontage on Farmington Avenue. The names of the owners of adjoining properties are not stated. There are no fixed monuments. The word "approximately" is in its nature indefinite. It means "nearly," "about," or "close to." All of these words are elastic and do not indicate certainty. *American Trust & Safe Deposit Co.* v. *Eckhardt,* 331 Ill. 261, 266, 162 N.E. 843. "Approximately" is used in the sense of an estimate, merely meaning "more or less." *Ross* v. *Keaton Tire & Rubber Co.,* 57 Cal. App. 50, 52,

206 P. 645; *Sanberg* v. *Margold Realty Corporation,*
231 App. Div. 241, 242, 247 N.Y.S. 139. The agree-
ment does not furnish a basis for the ascertainment
of the area of the property. Consequently, the total
purchase price cannot be determined. It follows
that the amount of the purchase money mortgage,
which must be computed by subtracting from the
total purchase price the sum of the deposit, $100, and
the amount to be paid upon delivery of the deed,
cannot be determined.

As the agreement failed to furnish the basis for
determining the total purchase price and the amount
of the purchase money mortgage, which are essential
terms, it did not comply with the requirements of
the Statute of Frauds. Consequently, the court did
not err in sustaining the demurrer to the first count.
Any discussion of the other claimed deficiencies is
unnecessary. *Goldman* v. *Feinberg,* 130 Conn. 671,
676, 37 A.2d 355; *Tseka* v. *Scher,* 135 Conn. 400, 405,
65 A.2d 169; Maltbie, Conn. App. Proc., § 340.

There is no error.

In this opinion the other judges concurred.