SAMUEL MARSICO *v.* BESSIE KESSLER ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 9, 1961—decided February 7, 1962

*Samuel Gordon,* with whom was *Charles Sessa,* for the appellant (plaintiff).

*Peter J. Weissman,* for the appellees (defendants).

SHEA, J.  The plaintiff brought this action for specific performance and damages because of the refusal of the defendants to carry out an alleged agreement to sell certain real property to him.  In their answer, by way of special defense, the defendants asserted that the agreement did not satisfy the requirements of the Statute of Frauds.  Judgment was rendered for the defendants, and the plaintiff has appealed.

The facts are not in dispute. The parties signed a written agreement whereby the defendants were to sell and the plaintiff was to buy real estate situated in Stamford. The agreement recites a price of $30,000, payable $500 in "Cash herewith" and $25,000 in "Cash on signing superseding contract or on delivery of deed if superseding contract is not signed." The agreement makes no reference to the difference of $4500 between the cash payments of $25,500 and the $30,000 stated to be the price for the property.

The pertinent portion of our Statute of Frauds reads as follows: "No civil action shall be maintained . . . upon any agreement for the sale of real estate or any interest in or concerning it . . . unless such agreement, or some memorandum thereof, is made in writing and signed by the party to be charged therewith or his agent." General Statutes § 52-550.

"The requirements of a memorandum of sale to satisfy the statute of frauds in this State are too well established to require extended consideration. It must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Santoro* v. *Mack,* 108 Conn. 683, 687, 145 A. 273; *Garre* v. *Geryk,* 145 Conn. 669, 672, 145 A.2d 829; *Montanaro* v. *Pandolfini,* 148 Conn. 153, 157, 168 A.2d 550.

The plaintiff claims that the failure to specify in the agreement the manner of payment of the

$4500 balance on the purchase price does not render the agreement unenforceable and that the law presumes that payment is to be made in cash. See *Horowitz* v. *Hirsch,* 14 Conn. Sup. 454, 456. This argument is based upon the assumption that the total price was $30,000, but, even if we assume that it was, a presumption that the balance is to be paid in cash prevails only where no method of payment has, in fact, been agreed upon by the parties. The presumption rests upon the failure to agree rather than upon a failure to state what was agreed. It has no application here, since the sum payable in cash is definitely specified. *Santoro* v. *Mack,* supra, 689; *Benton* v. *Colson,* 115 Conn. 720, 721, 161 A. 860.

The plaintiff also contends that he is entitled to relief because the defendants cannot be harmed, for the reason that he is willing to pay in cash the maximum price mentioned in the agreement. This argument overlooks the requirement that the terms of the agreement must be stated with reasonable certainty. Failure to comply with this requirement makes the agreement unenforceable. § 52-550.

There is no error.

In this opinion the other judges concurred.