Betty M. Flynn *v.* S. J. Ploufe et al.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-638-6652

Argued July 13—decided October 26, 1964

*Leonard E. Wladimer,* of Hartford, for the appellant (plaintiff).

*Edward J. Daly, Jr.,* of Hartford, for the appellees (defendants).

LEVINE, J.   This action was brought to recover the plaintiff's deposit, in the amount of $470, paid to the defendants under a written agreement for the purchase of real estate.   The defendants filed a counterclaim based on a promissory note for the balance of the deposit and for the amount of the agreed alterations made to the premises.   The court rendered judgment for the defendants on the complaint and for the plaintiff on the counterclaim.   The plaintiff has appealed from the judgment on the complaint and assigns error in the court's failure to strike certain findings of fact and to add certain facts to the finding, and in the court's con-

clusion that there was a valid agreement between the parties.

The plaintiff's assignments of error addressed to the finding of facts have not been briefed and will be deemed to be abandoned. *Bridgeport Hydraulic Co.* v. *Stratford,* 139 Conn. 388, 390; Maltbie, Conn. App. Proc. §§ 167, 327. The assignment of error addressed to the court's conclusion of a valid agreement claims that the contract is vague and ambiguous and therefore unenforceable under the Statute of Frauds, and that the court erred in allowing the defendants to keep the $470 paid in pursuance of it. The finding states that the parties signed an agreement, dated August 15, 1957, for the plaintiff to purchase real estate from the defendants at a price of $17,500. The agreement recites that $470 was paid on its signing, $2500 was to be the balance of the down payment, and "the balance of the purchase price was to be paid via a mortgage at 6 per cent." Subsequent to the signing of the contract, the plaintiff changed her mind and notified the defendants she would not complete the purchase. The defendants, in the interim, had made repairs and alterations to the premises in accordance with a separate oral agreement between the parties. The property was sold by the defendants to another purchaser several years later.

The complaint alleges breach of contract by the defendants. However, the court concluded in its finding that the plaintiff had failed to comply with the terms of the contract. The case was tried on the question of the failure of the contract to meet the requirements of the Statute of Frauds in that the terms of the purchase money mortgage were not set out with certainty, and the appeal raises only that issue. The court concluded that the contract was a valid agreement, and its finding of fact indi-

cates that the balance of the purchase price was to be paid by a mortgage or mortgages at 6 percent. The finding does not indicate the length of time the mortgage and mortgage note or notes were to run, nor the method of payment of the mortgage note or notes. The pertinent portions of the Statute of Frauds reads: "No civil action shall be maintained . . . upon any agreement for the sale of real estate or any interest in or concerning it . . . unless such agreement, or some memorandum thereof, is made in writing . . . ." General Statutes § 52-550. "The requirements of a memorandum of sale to satisfy the Statute of Frauds in this State are too well established to require extended consideration. It must state the contract between the parties with such certainty that the essentials of the contract can be determined from the memorandum itself without the aid of parol proof, either by direct statement or by reference therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Santoro* v. *Mack,* 108 Conn. 683, 687; *Marsico* v. *Kessler,* 149 Conn. 236, 237. Our Supreme Court of Errors has repeatedly held "that where a written agreement for the sale of land provides that a portion of the purchase price shall be secured by a mortgage, the agreement must fix the time the mortgage is to run, in order to satisfy the requirement of the statute of frauds." *Sullivan* v. *Ladden,* 101 Conn. 166, 168; see *Montanaro* v. *Pandolfini,* 148 Conn. 153; *Shoag* v. *Sheftel,* 99 Conn. 541; *Gendelman* v. *Mongillo,* 96 Conn. 541; *Platt* v. *Stonington Savings Bank,* 46 Conn. 476.

A judgment rendered upon a conclusion of law not supported by the subordinate facts, or upon an erroneous rule of law material to the case, will be reversed or set aside. *Bridgeport Hydraulic Co.*

v. *Sciortino,* 138 Conn. 690, 692; *Davis* v. *Margolis,* 107 Conn. 417, 422; Maltbie, Conn. App. Proc. § 166. The conclusion of the court that there was a valid contract between the parties is not supported by the facts found and the law applicable to the case.

The appellees argue that § 47-33a (c) of the General Statutes applies in this situation. It is evident from the reading of the statute that it does not affect this issue.

There is error, the judgment is set aside and the case is remanded for a new trial on the complaint.

In this opinion PRUYN and DEARINGTON, Js., concurred.