MICHAEL A. MANSOUR *v.* ROBERT O. CLARK

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-675-25354

440

Argued February 19—decided June 7, 1968

*Sidney Vogel,* of Norwalk, for the appellant (plaintiff).

*Frank W. Murphy,* of Norwalk, for the appellee (defendant).

KOSICKI, J.  The complaint alleges that on December 16, 1966, the plaintiff and the defendant entered into an agreement for the purchase and sale of land; that thereafter the defendant acquired and now owns in fee the land described in the contract; and that on March 16, 1967, the plaintiff tendered payment and demanded conveyance, which was refused. It is also alleged that the plaintiff is still ready, able and willing to pay the amount agreed upon.  He requests a decree compelling conveyance and a judgment for damages.  The contract relied on is annexed to the complaint and consists of a letter.[1]

---

[1] "December 16, 1966

Mr. Michael A. Mansour
26 Sunset Road
Darien, Connecticut

Dear Mr. Mansour:

As you know, I am hopeful of receiving in the near future a deed from Frank M. Bosworth, Jr. conveying the premises shown on the

The defendant demurred to the complaint for the reason that the alleged agreement was not sufficient to comply with the requirements of the Statute of Frauds. The pertinent part of the statute reads as follows: "No civil action shall be maintained . . . upon any agreement for the sale of real estate or any interest in or concerning it . . . unless such agreement, or some memorandum thereof, is made in writing and signed by the party to be charged therewith or his agent . . . ." General Statutes § 52-550. The special grounds of demurrer were: (1) The agreement did not describe the land with sufficient particularity; (2) the description was inadequate to identify the property readily; (3) at the time of the alleged agreement the defendant did not own the land; (4) neither the purchase price nor the terms of payment were set forth; (5) the parties to the alleged agreement were not sufficiently identified; (6) a time for performance was not stated; and (7) the letter made part of the complaint contains no complete agreement between the parties.

The demurrer was sustained. "The defense of the Statute of Frauds may be raised properly by demurrer, and if the demurrer is correctly sustained a

---

map made by Henry F. Henrici dated October 18, 1966 and having a total area of 0.911 acre.

Pursuant to our previous conversations, I agree to convey to you that portion of said premises as lies generally southerly and westerly of your property. The exact dividing line between the portion I will convey to you and the portion I will retain shall be mutually determined and the necessary deed delivered to you as soon as the location of the paddle tennis court which I propose to construct upon my portion has been fixed.

Upon delivery of the deed to you, you will pay me that portion of the price which I pay Mr. Bosworth that is in the same proportion as the land conveyed to you is to the entire premises conveyed to me.

Very truly yours,<br>Robert O. Clark

ACCEPTED:

Michael A. Mansour"

useless trial will be avoided. *Rutt* v. *Roche,* 138 Conn. 605, 607 . . . ; *Utley* v. *Nolan,* 134 Conn. 376, 377 . . . . Where a demurrer is overruled and the case goes to final judgment, the ruling on the demurrer may be claimed as error, since an erroneous ruling on a demurrer is a proper subject of review. *Hunter's Appeal,* 71 Conn. 189, 198 . . . ; Maltbie, Conn. App. Proc. § 65. . . . We have uniformly held that such an agreement must state the contract with such certainty that its essentials can be known from the memorandum itself, without the aid of parol proof, or from a reference contained therein to some other writing or thing certain; and these essentials must at least consist of the subject of the sale, the terms of it and the parties to it, so as to furnish evidence of a complete agreement." *Montanaro* v. *Pandolfini,* 148 Conn. 153, 156.

The terms of the letter relied on by the plaintiff as the contract sought to be enforced are uncertain and indefinite in the essentials necessary to satisfy the statute. The precise area of land is not ascertained. *Garre* v. *Geryk,* 145 Conn. 669, 673. Not only was there lacking any reasonably accurate description of the premises the parties may have intended as the subject of conveyance but the portion of the property to be deeded and the purchase price were deliberately left for future determination. The alleged agreement failed to meet the requirements of § 52-550 and was unenforceable. See such cases as *Marsico* v. *Kessler,* 149 Conn. 236, 238; *Santoro* v. *Mack,* 108 Conn. 683, 689, 690; *Gendelman* v. *Mongillo,* 96 Conn. 541, 550; *McMahon* v. *Plumb,* 88 Conn. 547, 551.

We conclude that the first of the two assignments of error, attacking the ruling of the trial court on the demurrer, is without merit. Thus, it becomes unnecessary to discuss the other deficiencies claimed in the demurrer. *Garre* v. *Geryk,* supra, 674.

The second assignment is directed at the denial by the court of the plaintiff's motion to withdraw his action following the entry of judgment. The record shows that on October 2, 1967, after the sustaining of the demurrer, the plaintiff moved for judgment, stating that he intended to appeal the ruling to the Appellate Division of this court. On October 23, the court directed that judgment enter for the defendant on the demurrer sustained, the plaintiff having failed to plead over. On November 1, the above order was vacated by the same judge, of his own motion, without hearing, notice of hearing or any statement of reasons for his action. That ruling by the court, though erroneous, could not have harmed the defendant.

On November 20, 1967, the court heard the plaintiff's motion to withdraw his action. The court denied the motion on the ground that there was no question of jurisdiction involved and, since the case had gone to judgment, the plaintiff was without power to withdraw the action. The ruling of the court was correct. The effective date of the judgment was the date of the memorandum of decision on the demurrer, September 25, 1967. "Ordinarily a memorandum of decision is the judgment of the court and the subsequent clerical action in writing out the judgment-file, no matter how long it may be postponed, will relate back to the time that memorandum was filed." *Goldberg* v. *Krayeske,* 102 Conn. 137, 143. "In fact, the judgment was for failure to plead after the demurrer was sustained. Since the decision on the demurrer determined that no right of action existed, the judgment was as final and complete as a judgment following a trial on the merits. *Brennan* v. *Berlin Iron Bridge Co.,* 71 Conn. 479, 490 . . . . On the facts of this case, the judgment is to be given the same effect as a judgment on the merits. . . . [The special finding] does

make clear that the court expressed and the plaintiff not only knew but acquiesced in the substance of the judgment . . . . Under such circumstances, the attempt to withdraw the action . . . , without the court's permission, was ineffectual. General Statutes § 52-80; *McCurdy* v. *Mather*, 1 Kirby 273." *Carvette* v. *Fidelity & Deposit Co.*, 152 Conn. 697, 699; see *Moriarty* v. *Mason*, 47 Conn. 436, 438.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.