[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 13, 1995
On October 31, 1994, the plaintiff, Richard Minton, filed a three-count complaint against the defendant, Union Trust Company. The plaintiff alleges the following facts. The plaintiff entered into an oral contract with the defendant to purchase the defendant's real property located in Stratford, Connecticut. The plaintiff took steps to complete the purchase of the property, "including obtaining an appraisal for the property, revision of building plans, review of zoning information, permits, surveys and preliminary contact with subcontractors and incurred costs therefore [Sic] in the sum of $6,600.00." The plaintiff relied on the defendant's agreement to sell the property and he changed his position in reliance on the agreement.
In the first count, the plaintiff claims specific performance of the oral contract. In the second count, the plaintiff alleges breach of contract. In the third count, the plaintiff alleges a breach of the duty of good faith and fair dealing.
On November 22, 1994, the defendant moved to strike all three counts of the plaintiff's complaint and the claim for attorneys' fees. Pursuant to Practice Book § 155, the defendant filed a memorandum in support of its motion. The plaintiff has timely filed a memorandum in opposition to the motion.
LAW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. Furthermore, "[t]he court must construe the facts in the complaint most favorably to CT Page 883 the plaintiff." Id. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading."Mingachos v. CBS, Inc., 196 Conn. 91, 108491 A.2d 368 (1985).
The defendant argues that all three counts of the plaintiff's complaint are barred by the Statute of Frauds, General Statutes § 52-550. The defendant argues further that the plaintiff has not alleged sufficient facts to show part performance. The plaintiff argues that he has alleged sufficient facts to support a claim of part performance and, therefore the Statute of Frauds does not bar the claims. The Statute of Frauds provides in part that:
 (a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party . . . to be charged . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property . . .
General Statutes § 52-550(a)(4). Our Supreme Court has held "that acts on the part of the promisee may be sufficient to take a contract out of the statute if they are such as clearly refer to some contract in relation to the matter in dispute." Ubysz v. DiPietro, 185 Conn. 47,54, 440 A.2d 830 (1981); see also Dunham v.Dunham, 204 Conn. 303, 314, 528 A.2d 1123 (1987).
 The acts of part performance generally must be such as are done by the party seeking to enforce the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or the knowledge of the other party, and be such acts as alter the relations of the parties . . . The acts must also be of such a character that they can be naturally and reasonably accounted for in no other way than by the existence of some contract in relation to the subject matter in dispute.
(Citations omitted; internal quotation marks omitted.)Ubysz v. DiPetro, supra. CT Page 884
"It is generally held that partial or even full payment of the purchase price for the sale of land under an oral contract does not take the case out of the Statute of Frauds." Breen v. Phelps, 186 Conn. 86, 94,439 A.2d 1066 (1982). Payment of property taxes, Breen v.Phelps, p. 94, and measuring the land, making maps and surveys and plans for improvements prior to the acquisition of the title, Santoro v. Mack, 108 Conn. 683,692, have also been found not to satisfy the part performance test. "The construction of substantial improvements on the land by the purchaser, however, has been regarded as the strongest and most unequivocal act of part performance by which an oral contract to purchase land is taken out of the Statute of Frauds."Breen v. Phelps 95 id., 96. The "partial performance must be substantial." Kelly v. Ryan, 4 Conn. L. Rptr. 97, 99-101, (May 17, 1991), (Nigro, J.).
In the present case, the plaintiff alleges that it expended $6,600.00 in obtaining an appraisal for the property, in revising the building plans, in reviewing zoning information and in communicating with subcontractors. The plaintiff has neither alleged that he started construction on the property nor that he was in possession of the property. The acts allegedly performed by the plaintiff were very similar to those in theSantora case. This court finds the plaintiff's acts to be of a preliminary or collateral character and do not demonstrate part performance. The Statute of Frauds bars the claims and the motion to strike counts one through three is granted.
The defendant also moves to strike the plaintiff's claim for attorneys' fees.
"[A] party cannot recover attorneys' fees in the absence of statutory authority or a contractual provision."Doe v. State, 216 Conn. 85, 106, 579 A.2d 37 (1990).
In the present case, the claim for attorneys' fees is not authorized by statute or any contractual provision and, therefore, the motion to strike the claim for attorneys' fee is granted. CT Page 885