This action was brought in two counts, the first claiming damages resulting from the breach of an agreement dated May 15, 1972, and the second claiming damages resulting from the negligence of the defendant in failing to record the plaintiff's security interest as a first lienholder on a certificate of title. The material allegations of the plaintiff's complaint claim that on May 15, 1972, Richard A. Branford purchased a 1967 Datsun from the defendant and, in order to finance the purchase of that vehicle, he borrowed $992 from the plaintiff. In order to secure the loan, Branford granted a security interest in the Datsun vehicle to the plaintiff. On that date a check in the amount *Page 580 
of $842.38, which was drawn on the plaintiff bank and made payable to the defendant, was delivered to the defendant by Branford with a certain form of endorsement on the reverse side of the check. The check was endorsed by the defendant, but the defendant breached the terms of the endorsement in that it failed to list the plaintiff as a first lienholder on the title certificate.
The finding of the trial court differs considerably from the allegations of the complaint. The finding discloses the following facts: On April 28, 1972, one Richard Branford purchased a 1967 Datsun automobile from the defendant. A cash transaction occurred on April 29, 1972, and full payment was made with a check payable to the defendant in the amount of $842.38. On May 15, 1972, North's Insurance Agency, Inc., which had in its possession for some time a supply of blank checks drawn on the plaintiff bank, turned over one of those checks, made payable to the defendant in the amount of $842.38, to Richard Branford, who signed the check as maker. On the reverse side of that check there appeared the language as stated in the footnote.[1]
Although the finding does not state explicitly that that check represented the proceeds of a loan of $992 which Branford borrowed from the plaintiff on May 15, 1972, securing the loan by executing a security agreement which granted to the plaintiff security in the 1967 Datsun, the parties in their briefs have assumed that fact as part of the transaction. On the same date Branford delivered the *Page 581 
check to the defendant's place of business where one of its salesmen endorsed the check in the name of the defendant.[2] The check was then returned to Branford who brought it back to North's Insurance Agency, Inc., which then endorsed the check as follows: "Pay to the order of North Ins." North's Insurance Agency, Inc., thereafter deposited the check to its own bank account. Richard Branford moved to parts unknown and the plaintiff has suffered a loss of $702.
While the assignment of errors does not comply strictly with 568E of the Practice Book, it may be construed as claiming error in the conclusions of the court that there was a breach of the endorsement provisions guaranteeing that the plaintiff was named as a first lienholder on the certificate of title for the vehicle and that the loss suffered by the plaintiff resulted from the defendant's endorsement of the check. The principal claim of the defendant on this appeal is that there was no consideration for its endorsement of the check and its guarantee that the plaintiff would be listed as a first lienholder on the title certificate, because the defendant derived no benefit therefrom, having received the entire purchase price for the vehicle about two weeks earlier.
"The doctrine of consideration is fundamental in the law of contracts, the general rule being that in the absence of consideration an executory promise is unenforceable. Osborne v. Locke Steel Chain Co.,153 Conn. 527, 530. . . . Consideration consists of a benefit to the party promising, or a loss or *Page 582 
detriment to the party to whom the promise is made. Id., 531; Finlay v. Swirsky, 103 Conn. 624, 631. . . ." State National Bank v. Dick, 164 Conn. 523, 529.
The conclusion of the trial court that there was a breach of contract and that there was consideration for the endorsement of the check dated May 15, 1972, cannot be disturbed. When the defendant's salesman endorsed the check which was delivered to North's Insurance Agency, Inc., and deposited to its account, a loss was sustained by the plaintiff as a result of its presumed reliance on the endorsement promising to list the plaintiff as a first lienholder on the certificate of title. The endorsement of the check by the defendant's salesman was essential to its transfer and ultimate deposit with the plaintiff and therefore caused the plaintiff's loss.
 There is no error.
SPEZIALE, D. SHEA, and SPONZO, JS., participated in this decision.