■ KAREN BERNBACH et al., Respondents, v CAMP WAH-NEE IN THE BERKSHIRES, Appellant.—In an action to recover damages for breach of contract and fraud, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Facelle, J.), dated October 25, 1989, as denied its cross motion to dismiss the complaint, and (2) so much of an order of the same court, dated September 4, 1990, as, upon granting reargument, denied that branch of its motion which was to dismiss the plaintiffs' second cause of action to recover damages for fraud.

Ordered that the appeal from the order dated October 25, 1989, is dismissed as that order was superseded by the order dated September 4, 1990, made upon reargument; and it is further,

Ordered that the order dated September 4, 1990, is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was to dismiss the second cause of action is granted; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff Karen Bernbach is the mother of the plaintiffs Jason and Justin Bernbach. Commencing in 1979, when her sons were 10 years and 7 years of age respectively, Karen Bernbach enrolled them in the defendant's camp each summer. In the summer of 1986, Jason worked as a waiter at the camp and in 1987 and 1988 he worked as a counselor. In 1988 Justin worked as a waiter. Thereafter, in 1989 the defendant declined to employ Jason and Justin as counselors, apparently because, in the judgment of the camp director, Jason had not satisfactorily performed as a counselor, and Justin "lack[ed] sufficient maturity". This litigation then ensued.

The plaintiffs claim that to encourage and induce the continued enrollment of Jason and Justin in camp, the camp's owner orally assured Karen Bernbach and agreed that her sons "would progress from the status of camper to waiter to counselor and could remain counselors as long as they performed satisfactorily in said position". In the first cause of action, the plaintiffs sought damages for breach of the alleged oral agreement to employ Jason and Justin as counselors in 1989. In the second cause of action the plaintiffs conclusorily sought damages for alleged "fraudulent inducement".

By order dated October 25, 1989, the defendant's motion to

dismiss both causes of action in the complaint was denied. By the order dated September 4, 1990, the Supreme Court, upon granting reargument, granted that branch of the defendant's motion which was to dismiss the first cause of action since "[t]he last oral representation was allegedly made in 1984 and [therefore, the claim was] barred by the Statute of Frauds". However, the court declined to dismiss the second cause of action alleging fraud.

We find that since the only fraud charged in the second cause of action relates to an alleged breach of contract (see, *Lane v McCallion,* 166 AD2d 688, 691; *Mastropieri v Solmar Constr. Co.,* 159 AD2d 698), the Supreme Court should have dismissed that cause of action. Moreover, the plaintiff cannot avoid the bar of the Statute of Frauds by labelling the cause of action as one to recover damages for fraud where, as here, proof of a contract, void under the Statute of Frauds, is essential to maintain the action (see, *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 408). Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.