■ J. PETER COLEMAN, Appellant, v CMI TRANSPORTATION, INC., et al., Respondents. [635 NYS2d 212] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about August 16, 1994, which granted defendants' motions to dismiss the complaint as barred by the Statute of Frauds, unanimously affirmed, without costs.

The cause of action alleging an oral stock purchase agreement was properly dismissed as barred by the Statute of Frauds (UCC 8-319; see, Dillon v Peretti, 176 AD2d 497), there being no issues of fact warranting possible application of the doctrines of promissory estoppel and partial performance. Assuming that plaintiff was promised an equity interest in defendant corporation in exchange for his services on its behalf, he suffered no unconscionable injury as evidenced by the substantial weekly compensation he received (see, Ginsberg v Fairfield-Noble Corp., 81 AD2d 318). Nor were his services " 'unequivocally referable' " to the promise (Anostario v Vicinanzo, 59 NY2d 662, 664), as evidenced by his admission that no money had ever been applied toward the purchase of the equity interest. Plaintiff's remaining causes of action were properly

dismissed since proof of the oral contract, barred by the Statute of Frauds, would be necessary to recover under each of them (see, Bernbach v Camp Wah-nee, 176 AD2d 304; Rogoff v San Juan Racing Assn., 77 AD2d 831, affd 54 NY2d 883). Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.